IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| ROBERT E. LEE BROWN | * | |
| | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | NO: 3:08CV00173 SWW |
| | * | |
| KIM DALY BROWN, ET AL. | * | |
| | * | |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

## ORDER

On October 31, 2008, Plaintiff Robert E. Lee Brown filed a complaint pursuant to 42 U.S.C. § 1983, along with a motion to proceed *in forma pauperis* (docket entry #2), a motion to seal the case (docket entry #1), and motions for appointment of counsel (docket entry #4, #5). Plaintiff filed his complaint and motions under seal.  After careful consideration, and for the reasons that follow, Plaintiff's motions will be denied, and the record will be unsealed with the exception of exhibits to the complaint.  Additionally, if Plaintiff intends to pursue this matter, he must do the following within thirty days from the entry date of this order: (a) pay the statutory filing fee of $350 or submit a properly completed Application to Proceed *In Forma Pauperis* and (b) file a  Amended Complaint setting forth the additional information required in this order.

Allegations

Plaintiff alleges that in 2005, he was diagnosed with cancer and was not expected to live.

Plaintiff had been appointed as the legal guardian of two of his grandchildren, and because of his illness, he sought to have his foster brother, Defendant Kim Brown ("Brown"), appointed as co-guardian. Plaintiff claims that in August 2006, Brown, with the help of Kerry Max Brown and James Max Brown, kidnaped the children from a public swimming pool in Jonesboro, Arkansas and transported them to Travis County, Texas, where Brown serves as a local judge. Plaintiff claims that Brown used his position as a judge to "entice" a member of the local police force to obtain information about Plaintiff from a computerized database, which Brown then used against Plaintiff in custody proceedings. Plaintiff further alleges that Brown used his influence as a judge to "take any support system the children had in Arkansas in violation of standing orders of the courts in the state of Texas concerning cases of child custody."

By way of relief, Plaintiff seeks to be appointed as the guardian of his grandchildren. He also seeks preliminary injunctive relief restoring "free and open communications" between him and his grandchildren and preventing his grandchildren from leaving the United States until a determination of guardianship by this Court. Plaintiff also seeks $1 million in "actual cost and losses" and $1 million in punitive damages for the actions of Kim D. Brown, $555,000 from "each of the other defendants," and $1,555,555 from the City of Lakeway, Texas.

## Motion to Seal the Record

In the complaint, Plaintiff alleges that he is a "former covert agent" of the United States and that the Department of Justice changed his name. In support of his motion to seal the record, Plaintiff asserts that it is in the best interest of the parties that the record be sealed pursuant to the Victim Witness and Protection Act and the Intelligence and Identity Protection Act.

The Eighth Circuit has noted that "the courts of this country recognize a general right to

inspect and copy public records and documents, including judicial records and documents." *In re Neal*, 461 F.3d 1048, 1053 (8th Cir.2006) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).  However, proceedings may be closed and documents may be sealed if specific findings demonstrate that "'closure is essential to preserve higher values and is narrowly tailored to that interest.'" *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

In some cases, sealing judicial records may be necessary to protect witnesses cooperating in criminal cases.  However, Plaintiff chose to initiate this civil case, and documents attached to the complaint show that he is a party to other publicly disclosed civil court proceedings--specifically, the child custody proceedings referred to in the complaint.  *See Hoffman v. Connecticut Nat. Bank*, 120 F.R.D. 15 (D. Conn. 1988)(holding that participation in the federal witness protection program does not shield the participant from the adverse effects of litigation which he or she has initiated).

Although the Court finds no basis for sealing the entire record in this case, exhibits to the complaint contain the names of minor children.  Accordingly, the record will be unsealed with the exception of exhibits to the complaint.  The Court may require Plaintiff to file a redacted copy of the complaint exhibits for the public file at a later date.

Motion to Proceed *In Forma Pauperis*

In support of his motion to proceed *in forma pauperis*, Plaintiff filed an incomplete application form.  Because Plaintiff failed to complete each section of the form, the Court is unable to determine whether he qualifies for *in forma pauperis* status.  Accordingly, Plaintiff's motion will be denied.  Within thirty days from entry of this order, Plaintiff must either (1) pay

the $350 filing fee or (2) file a proper and complete *in forma pauperis* application. Failure to comply with this order will result in dismissal of this case without prejudice.

## Motion for Appointment of Counsel

It is well settled that a litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A court may, in its discretion, appoint counsel to *indigent* litigants if it is convinced that the parties and the court will benefit from the assistance of counsel. *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986).

Here, the Court is unable to determine whether Plaintiff is indigent or has a viable claim for relief. Accordingly, the motion for appointment of counsel will be denied at this time, and Plaintiff is directed to file, within thirty days of entry of this order, an amended complaint that includes the following information: (1) the status of any state court proceedings regarding the child custody matters referred in the complaint; (2) the identity (by name, job title, or other available means) of individuals who Plaintiff claims violated his constitutional or federal rights; (3) for each individual identified in response to item (2), the specific conduct committed by that individual that Plaintiff claims violated his rights.

## Plaintiff's Obligations as a *Pro Se* Party

Plaintiff is advised that he is required to be familiar and comply with all the Federal Rules of Civil Procedure as well as the Local Rules of this Court. Failure to so comply can result in dismissal of Plaintiff's claims. The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas. Plaintiff is hereby instructed to be familiar and comply with said

Rules.

IT IS THEREFORE ORDERED that:

(1)     Plaintiff's motion to seal the case (docket entry #1) is DENIED.  The Clerk of the Court is instructed to unseal all documents filed in this case, <u>with the exception of all exhibits that were filed with the complaint--docket entry #3, pages 6 through 33, labeled Exhibits 1 through 8</u>.

(2)     Plaintiff's motion to proceed *in forma pauperis* (docket entry #2) is DENIED.  Within thirty days of entry of this order Plaintiff must either (1) pay the $350 filing fee or (2) file a proper and complete *in forma pauperis* application.  Failure to comply with this order will result in dismissal of this case without prejudice.

(3)     Plaintiff's motions for appointment of counsel (docket entries #4, #5) are DENIED.  Within thirty days of entry of this order, Plaintiff must file an amended complaint that contains the information specified in this order.  Failure to comply with this order will result in dismissal of this case without prejudice.

IT IS SO ORDERED THIS 24TH DAY OF NOVEMBER, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE